McCann, J.

INTRODUCTION

Brian F. Napolitano is represented by Edward W. McIntyre, Esq. The defendant, Massachusetts Turnpike Authority, is represented by Richard F. Faille, Esq.
The plaintiff s complaint is one count of negligence against the Massachusetts Turnpike Authority essentially alleging negligence in regard to the installation and/or maintenance of a guardrail on the Massachusetts Turnpike.

FACTUAL BACKGROUND

On August 30, 2000 at approximately 2:52 p.m., Karen (Star) was operating her motor vehicle eastbound on the Massachusetts Turnpike. At the same time the plaintiff, Brian F. Napolitano (Napolitano), was operating his motor vehicle westbound on the Massachusetts Turnpike. Both were at the 111 mile marker in the Town of Framingham, Massachusetts, when for unknown reasons Star’s motor vehicle went out of control. It struck a Massachusetts Turnpike Authority (MTA’s) safety guardrail at a preexisting opening of the median strip. Star’s motor vehicle was catapulted into the air, flew upside down for a distance from the eastbound lane, over the westbound lane, and fell crashing into Napolitano’s Ford Ranger which was then traveling westbound. The portion of the MTA safety guardrail that Star struck was flared, angled and embedded into the earth.
A various assortment of state, local, fire and emergency personnel responded to the scene. Star was pronounced dead at the scene of the accident. The plaintiff was lifeflighted from the scene of the accident to Massachusetts General Hospital. He underwent extensive medical treatment and was totally disabled from August 30 through December 23, 2000 and partially disabled for a period of time subsequent to that. Napolitano has no memory of the accident and the source of his information came from family friends, media and the State Police.
Napolitano did not send a notice to the general counsel of MTA within 30 days of the incident setting forth the name and residence of the plaintiff and the time, place and cause of the plaintiffs injury.
The sole issue raised by the Motion for Summary Judgment is whether the offending guardrail situated within the turnpike’s median strip constitutes a “road defect” within the meaning of G.L.c. 81, §18, G.L.c. 84, §§15 and 18.

DISCUSSION

MTA contends G.L.c. 81A, §20 requires the sending of such notice by incorporating by reference G.L.c. 81, §18 which incorporates the notice requirements contained in c. 84, §16. It contends that it is a condition precedent to bringing an action for a defect on a public way to send a proper 30-day notice; that such notice was never sent; and that as a matter of law that is a defense to the plaintiffs claim.
There appears to be no precedent to establish that a guardrail situated within the turnpike’s median strip constitutes a “road defect” as a matter of law. This Court rules that as a matter of law an offending guardrail situated within MTA’s median strip does not constitute a “road defect” within the meaning of GL.c. 81, §18 or G.L.c 84, §§15 and 18. Having made that ruling, the argument of MTA that lack of written notice within 30 days is a defense to the action therefore fails. The Motion for Summary Judgment is therefore DENIED
Should it ultimately be determined otherwise that the offending guardrail as a matter of law constitutes a “road defect” within the statutes, then there remain the following genuine issues of material fact:
1. Whether G.L.c. 84, §15 obligates an injured person to provide notice to MTA within 30 days of the occurrence.
2. Whether G.L.c. 81 A, §20 requires the sending of such notice to MTA by incorporating by reference G.L.c. 81, §18 which incorporates the notice requirement in c. 84, §18
3. Whether such condition is a condition precedent to bringing an action against MTA.
4. Whether such notice is an essential ingredient indispensable to the existence of the cause of action for the plaintiff against MTA.
5. Whether the plaintiffs action is solely a claim for a defect in a public way, an exclusive remedy therefore is the statute dealing with defects in public ways.
6. Whether the statutory notice requirement is applicable to MTA for a defectively designed highway safety guardrail.
Notwithstanding all of the aforesaid, the purpose of the statute is to notify the governmental agency of the particulars of the parties involved and the nature of the accident, all of which were thoroughly established *490 by the responding state, local and fire departments through their various reports.
For the reasons stated, the Motion for Summary Judgment by the Massachusetts Turnpike Authority is DENIED.